No. 44,735

HELEN K. MARTIN by substitution for Geoffrey M. Martin, M. D.,
*Appellee*, v. THEODORE E. YOUNG, M. D., *Appellant*.

(427 P. 2d 490)

Opinion filed May 13, 1967.

*William E. Haney*, of Topeka, argued the cause, and *Howard A. Jones,
Frank M. Rice* and *Wilburn Dillon, Jr.*, of Topeka, were with him on the briefs
for appellant.

*Eugene W. Hiatt*, of Topeka, argued the cause, and *Leland M. Spurgeon*, of
Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The action was for an accounting and to recover
money following the termination of an association of two medical
doctors to practice their profession. The case was tried by the
district court which made findings of fact and entered judgment
in favor of the plaintiff in the amount of $2,571.76.

After the notice of appeal was filed, the plaintiff, Geoffrey M.
Martin, M. D., died on March 12, 1966, and Helen K. Martin, his
surviving widow, was substituted as party-plaintiff.

It is unnecessary to set forth the pleadings of the parties and the
story of this litigation is best told by the detailed findings of fact of
the district court, which outline the issues and summarize the evi-
dence of the parties, and this court adopts those findings and incor-
porates them as the basis upon which to consider and decide the
case. The findings of fact read:

"The plaintiff Geoffrey M. Martin and the defendant Theodore E. Young are

both doctors of medicine specializing in pediatrics. During the period from October 1962 through the month of September 1964 they were associated together in the practice of their profession. This is an action for an accounting of the profits of the association and to recover payments allegedly due under a termination agreement. There was introduced into evidence as Exhibit 1 a record of all receipts and expenditures during the period of the professional association. These records have been accepted by both parties as true and correct.

"The only remaining issue in the case is whether or not plaintiff and defendant had an agreement as to payments to be made to Dr. Martin by Dr. Young on termination of the professional association. The second question presented is, assuming there was a termination agreement, what sums, if any, are due the plaintiff under such an agreement.

"Plaintiff contends that he and the defendant had an oral agreement which provided that in the event the association was terminated the final indebtedness of the defendant to the plaintiff would be determined by subtracting from the entire gross business done by the plaintiff during the period of the association the following:

"1. 50 percent for overhead expenses.

"2. 20 percent for collection losses.

"3. The monies paid over to the plaintiff during the term of the association.

"Plaintiff contends that the oral agreement further provided that the defendant would pay the net amount owing to the plaintiff in 12 equal monthly payments beginning one month from the date of termination of the association. The parties agree and it is undisputed that the association was terminated by mutual consent of plaintiff and defendant effective September 30, 1964.

"The defendant denies that there was any such termination agreement and denies that there are any payments due from the defendant to the plaintiff other than the sum of $88.08 which the defendant tendered to plaintiff in his answer. There is no dispute from the evidence in the case that an association in the practice of medicine was established by plaintiff and defendant. A formula was orally agreed upon for the distribution of net profits. It appears that a formal written agreement was later to be prepared and signed by the parties; however such a formal written agreement was never actually prepared to the satisfaction of the parties. This Court finds, however, that the plaintiff and defendant did have a meeting of the minds and entered into an oral agreement for the payment by defendant to the plaintiff of certain sums in the event of the termination of the association. There were introduced into evidence Exhibits 3, 4, 5, 6, and 8. All of these exhibits were proposed drafts of a formal association agreement which were prepared by William E. Haney as attorney for the defendant Theodore E. Young and all provided for termination payments to Dr. Martin.

"Exhibit 8, which was the last proposed formal draft, was prepared on about June 24, 1964. Article V provides for payment of a termination salary to Dr. Martin in the event Dr. Young and Martin do not go on to form a partnership agreement as of December 1, 1964. The formula set forth in this proposed draft is the same formula which plaintiff contends was the oral agreement with the exception of a provision for the payment of the remaining

balance due under the Capital Leasing Corporation contract for furniture and fixtures.

"Dr. Young in his testimony testified that the draft of June 24, 1964, was the last draft prepared and that only the provision in regard to the sums owing on the Capital Leasing contract was new and the rest of the provisions were what defendant and plaintiff had *agreed upon*. Dr. Martin testified categorically that on termination of the association by mutual agreement of the parties, he, Dr. Martin, was to receive from the defendant, the amount of Dr. Martin's business on the books less 50 percent overhead, less 20 percent for collection, less any sums paid to the plaintiff during the association. The balance was to be paid by defendant to the plaintiff in 12 equal monthly installments. It is the finding and judgment of the Court that the plaintiff has sustained the burden of proof and that an agreement for the payment of termination salary from Dr. Young to Dr. Martin was established in accordance with contentions of plaintiff as set forth above.

"The evidence is undisputed that the gross business on the books provided by Dr. Martin was $22,590. Deducting from this 50 percent for operating expenses and 20 percent for collection expenses in the amount of $15,813 this leaves a gross total due Dr. Martin in the amount of $6,777.00. Payments made to Dr. Martin in the course of the partnership were $4,190.24. This leaves a net due Dr. Martin in the amount of $2,586.76. At the time of the trial it appeared Dr. Martin had also received $15 from one Frances Hensley which also should be deducted as a payment made to Dr. Martin leaving a net sum owing from Dr. Young to Dr. Martin in the amount of $2,571 for payments due from defendant to the plaintiff on termination of the association by mutual consent. There was some dispute at the time of the trial as to the amount of $605.00 for travel expenses and for professional associations. It is the finding of this Court that these items are properly a part of the necessary operating expenses of the association and would be included in the 50 percent deduction under the formula agreed upon by the parties."

Various arguments are advanced by the defendant-appellant in support of his contention there was no substantial evidence to support the district court's findings the parties had a meeting of the minds and entered into an oral agreement concerning payments to the plaintiff upon termination of their association. There are more than 140 pages of the printed record on appeal. The appellant's brief presents five issues which resolve themselves into one basic question: Was there substantial evidence to support the district court's findings? To marshal the evidence and state the reasons for the court's conclusion would consume several pages of the Kansas Reports. In the end, the court would have done no more than review questions of fact neither novel in kind nor of any interest to anyone except the parties to the appeal. The appellant's various points have been fully examined, and the court finds that

each is disproved by the evidence and the findings of the district court. No new principle of law of striking interest, and no new application of old principles, are involved, and when the facts have been determined as the district court did, the judgment rendered follows as a matter of course. This court does not feel any useful purpose would be subserved by a fuller discussion of the case, except to say the district court's findings of fact are amply supported by substantial evidence and are approved.

The judgment of the district court is affirmed.

O'CONNOR, J., not participating.